[Ezell and Walker v. The State.]

# Ezell and Walker *v.* The State.

*Indictment for Murder.*

1. *Motion to amend record; when not error to refuse.*—After trial and verdict on indictment charging murder, committed by striking deceased with a stick, club, "*or other weapon of like character,*" it is too late to raise the objection that the copy of the indictment served on the prisoner, used, in addition, the words, "*or other weapon of like description;*" and the objection not having been made earlier, it is not error to refuse a motion (made with a view of moving in arrest of judgment) to amend a recital in the judgment entry, that a copy of the indictment had been served on the prisoner, so as to show that the copy differed, in the respect stated, from the original.

2. *Indictment, copy of, served on prisoner; when change in fatal.*—When there is the slightest change in meaning, caused by words inserted in the copy served on the prisoner, which were not in the original indictment, and the objection was raised before trial, and refused, it would be held a fatal irregularity by the appellate court.

APPEAL from Circuit Court of Clarke.

Tried before Hon. HARRY T. TOULMIN.

The original indictment charged that the defendants killed the deceased "by striking him with a stick, club or other weapon of like character," and the copy served upon them alleged that the killing was done with a "stick, club or other weapon of like description of like character." No objection was made to the correctness of the copy served until after trial and verdict, when a motion was made to amend the record, so as to show what papers were delivered to the prisoners. This motion was refused, and its refusal is now assigned as error.

JOHN Y. KILPATRICK and ALFRED GOLDTHWAITE, for appellants.

JOHN W. A. SANFORD, Attorney General, *contra.*

MANNING, J.—After a trial in this cause and verdict of guilty, a motion was made (1st) to correct the judgment entry by striking out the recital that a copy of the indictment was served on the prisoners one entire day before the trial; (2d) to amend the sheriff's return certifying he had made such a service, (3d) to amend the minutes by setting forth therein

the writing supposed to be a copy of the indictment, and which was served on the prisoners as such; so as to enable the defendants, upon such amendments being made, to move in arrest of the judgment of the court, upon the ground that there had not been a true copy of the indictment served on the prisoners.

The indictment was in the form following, after statement of the county, State and term of the court:

"The grand jury of said county charge, that before the finding of this indictment, Henry Ezell and Nelson Walker, unlawfully and with malice aforethought, killed John A. Bondurant by striking him with a stick, club, or other weapon *of like character*, against the peace," &c.

The writing, purporting to be a copy, differed from the original only by the insertion after the words, "or other weapon," the expression, "*of like description*"—so that the latter part of the supposed copy ran as follows: "or other weapon *of like description*, of like character, against the peace," &c.

Officers of the court should take pains to see that no errors or mistakes occur in the copies of original papers which it is their duty to make. Serious results may follow very slight changes of words or the insertion of words which are not in the original. In this case, if there was the slightest change in the meaning caused by the words inserted in the copy which were not in the original, and advantage had been taken of it before the trial, we should hold that the error was a fatal irregularity.

No objection having been taken to this matter before the trial, we think it was not error to deny the motion to amend.

The judgment is affirmed; and as the sentence on conviction has been suspended that the case might be here reviewed, it is adjudged that the prisoners be executed on Friday, the 28th day of July next, between the hours of 10 o'clock before noon and 4 o'clock in the afternoon, by being hanged by the neck until they are dead; and the jailor who may have custody of them must deliver the prisoners, respectively, to the sheriff of Clarke county, on the demand of said sheriff, who must execute this sentence in Clarke county.